**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **ROLAND DELAUNE** | **CASE NO. 6:25-CV-01768** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **LOUISIANA ENERGY & POWER AUTHORITY** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the Court is a MOTION FOR SUMMARY JUDGMENT (the "Motion") filed by Defendant, Louisiana Energy and Power Authority (hereinafter, "LEPA" or "Defendant"). [Docs. 22, 26]. The Motion is opposed by Plaintiff, Roland Delaune (hereinafter "Plaintiff"). [Doc. 27]. For the following reasons, the Motion is GRANTED as to Plaintiff's LEDL claims and DENIED as to Plaintiff's remaining claims.

## BACKGROUND

This employment discrimination lawsuit arises out of the decision of Defendant to terminate Plaintiff's employment as an "Auxiliary Operator" of LEPA power plant Unit No. 1, on August 23, 2019, pursuant to "changes in budgetary requirements for a non-operational plant." [Doc. 20, p. 3, ¶ IV]. Plaintiff was 60 years old at the time of termination and claims that Defendant terminated his employment due to his age. [Doc. 1-1].

Plaintiff filed a charge with the EEOC alleging age discrimination. [Doc. 1-1, p. 2; Doc. 6, p. 4]. The EEOC issued a right to sue notification on August 20, 2025. [Doc. 20, p. 4, ¶ V]. On November 5, 2025, Plaintiff filed a Petition for Damages in

the 15th Judicial District Court, Parish of Lafayette, State of Louisiana, Suit No. C-20257471, asserting claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:312 *et seq.* [Doc. 1-1]. On November 13, 2025, Defendant filed a Notice of Removal with this Court. [Doc. 1].

Plaintiff began working for Defendant sometime in February of 2008, as a member of a fifteen-person workforce hired to maintain and operate LEPA Unit No. 1, a 64 Megawatt electric generation facility. [Doc. 26-3, p. 2]. The LEPA plant where Plaintiff was employed became non-operational in mid-June 2019. [Doc. 20, p.3, ¶ IV]. The main turbine at LEPA Unit No. 1 was deemed unserviceable and could not operate until it was either repaired or replaced. [Doc. 26-3, p. 2]. This plant status lasted for several months, during which time Plaintiff and his co-workers performed maintenance, cleaning, and other tasks. [Doc. 26-4, p. 3]. With no clear timeframe as to when the turbine would be operable, LEPA decided to: (i) transition all 12-hour shift workers to 8-hour shifts; (ii) eliminate all overtime, unless approved by the plant superintendent; and (iii) reduce staff by 20%. [Doc. 26-3, p. 2].

LEPA began the process of determining who would be laid off in the early part of August 2019 and concluded the process on August 23, 2019. [Doc. 26-3, p. 2]. Defendant identified salary, future utilization, and safety record as the criteria used to determine which employees would be separated. [Doc. 26-3, p. 4]. According to Defendant, Plaintiff was selected for separation for three reasons: (i) he was one of the highest paid employees in his department; (ii) he could not be utilized in other

areas of the facility; and (iii) he had the highest number of workplace injury reports. [Doc. 26-3, p. 2].

Plaintiff's last working day was August 28, 2019. [Doc. 26-3, p. 1]. At the time of his termination, Plaintiff was one of the oldest Auxiliary Operators. Two other individuals were selected for layoff: Employee #156, Larry Noland - age 63; and Employee #105, Paul Wayne Eastling - age 65. [Doc. 26-3, p. 3; Doc. 26-5].

Plaintiff alleges that Defendant engaged in a sequence of terminations targeting the oldest and highest-paid employees across departments, while retaining younger, less-experienced employees. [Doc. 1-1]. On September 23, 2026, Defendant filed the instant Motion, contending that Plaintiff is unable to prove essential elements of his claims and that Defendant is entitled to summary dismissal of all claims as a matter of law. [Doc. 26]. Plaintiff filed an Opposition on October 8, 2026. [Doc. 27]. Defendant submitted a Rebuttal on October 19, 2026. [Doc. 29]. All issues having been briefed by the parties, the Motion is ripe for review.

## LAW AND ANALYSIS

### I. Summary Judgment Standard

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745

(5th Cir. 2017); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). Thus, the party moving for summary judgment bears the burden of demonstrating that there are no genuine disputes of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id., citing Celotex*, 477 U.S. at 323. Yet, "a [non-movant] cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)*, citing Anderson*, 477 U.S. at 248. In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine dispute for trial—and thus a grant of summary judgment is warranted—when the record as a whole "could not lead a rational trier of fact to find for the non-moving party[.]" *Id.*

## II. Timeliness of State Law Claims

Plaintiff alleges age discrimination under the Louisiana Employment Discrimination Law, La. R.S. 23:312. Louisiana law provides that age discrimination claims:

> … shall be subject to a prescriptive period of one year. However, this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights. No suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months. *La. R.S. 23:303(D).*

Thus, the maximum amount of time that a plaintiff is afforded to file suit under the LEDL is 18 months. Defendant argues that Plaintiff's state law claims for age discrimination are prescribed. Plaintiff has provided no response.

Plaintiff was informed of his layoff on August 23, 2019, and filed his EEOC claim on December 12, 2019. He did not file his lawsuit until November 5, 2025, more than six years after the alleged discriminatory act. Plaintiff's LEDL claims are clearly prescribed and are therefore dismissed.

## III. Age Discrimination Claims Alleged Under the ADEA

Plaintiff alleges age discrimination claims under the ADEA. Under the ADEA, an employer cannot "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

A plaintiff's age-discrimination claim may be based on circumstantial or direct evidence, or a combination of both. *Dabbasi v. Motiva Enters., L.L.C.*, 107 F.4th 500, 505 (5th Cir. 2024), citing *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 377 (5th

Cir. 2010). Delaune states in his opposition that he relies upon circumstantial evidence of age discrimination [Doc. 27, p. 5]; thus, the Court applies the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny. *See Dabbasi,* 107 F.4th at 505. "An analysis under *McDonnell Douglas* involves three possible steps. First, a plaintiff must establish a *prima facie* case." *Id.* The burden then shifts to the employer to produce evidence that the complained-of conduct was the result of a "legitimate, nondiscriminatory reason." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 143 (2000) (noting that defendant's burden "is one of production, not persuasion," and "can involve no credibility assessment"). If the defendant produces evidence of a nondiscriminatory reason for the employment action, "the plaintiff then bears the ultimate burden of proving that the employer's proffered reason is not true but is instead a pretext for … [a discriminatory] purpose." *Hardison v. Skinner,* 2022 WL 2668514, at *2 (5th Cir. July 11, 2022) ("To carry this burden, the plaintiff must rebut each nondiscriminatory or nonretaliatory reason articulated by the employer.").

To establish a *prima facie* case for an age discrimination claim, a plaintiff must demonstrate the following: "'(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either: (i) replaced by someone outside the protected class [or, under the ADEA], (ii) replaced by someone younger, or (iii) otherwise discharged because of his age.'" *Dabbasi*, 107 F.4th at 505*,* quoting *Jackson,* 602 F.3d at 378. Defendant states in its

Rebuttal Memorandum that it does not dispute that Plaintiff has presented a *prima facie* case of age discrimination. [Doc. 29, p. 3].

**A. Declaration of Kevin Bihm [Doc. 26-2]**

Defendant attaches to its Memorandum in Support a document titled "Declaration of Kevin Bihm," but it is unsigned. [Doc. 26-2]. Under 28 U.S.C. § 1746, when a matter is required to be established or proved by the sworn declaration, verification, or affidavit of a person, such matter may, with like force and effect, be proved "by the unsworn declaration ... in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially" the form set out in the statute. 28 U.S.C. § 1746. For statements made within the United States, that form is: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)". *Id.*, at § 2. Because the declaration is not signed or authenticated, it is hearsay and shall not be considered by this Court on summary judgment.

**B. Defendant's First Argument: No Case or Controversy**

LEPA first argues that summary judgment is proper in this matter because there are no available damages for Plaintiff to recover under the ADEA, and thus there is no case or controversy. Defendant argues that without a case or controversy, this Court lacks subject matter jurisdiction.

Article III of the Constitution requires that those who seek to invoke the power of the federal courts must demonstrate the existence of a "case or controversy" as a threshold requirement. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559, 112 S. Ct. 2130,

119 L. Ed. 2d 351 (1992); also *Nat'l Conf. of Cath. Bishops v. Bell*, 490 F. Supp. 734, 738 (D.D.C. 1980), *aff'd sub nom. Nat'l Conf. of Cath. Bishops v. Smith*, 653 F.2d 535 (D.C. Cir. 1981), citing *O'Shea v. Littleton*, 414 U.S. 488, 493, 94 S. Ct. 669, 674, 38 L. Ed. 2d 674 (1974). This is long-settled doctrine rooted in the concept of justiciability. *Bell,* 490 F. Supp. at 738.

> [A]n 'actual controversy' must exist not only 'at the time the complaint is filed,' but through 'all stages' of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013) (citation omitted). If a change in circumstances eliminates the "actual controversy" during the lawsuit, the case becomes moot. *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006).
>
> "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S. Ct. 1944, 23 L. Ed. 2d 491 (1969). In other words, mootness occurs only when it is "impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12, 113 S. Ct. 447, 121 L. Ed. 2d 313, (1992) (citation omitted). "Thus, when 'a complaining party manages to secure outside of litigation all the relief he might have won in it,' the case is moot." But "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot."
>
> *Students for Fair Admissions, Inc. v. Univ. of Texas at Austin*, 142 F.4th 819, 824 (5th Cir. 2025).

Defendant argues that an age discrimination claimant is only allowed back pay, liquidated damages (for willful violations), and attorney fees. Defendant claims that, since Plaintiff elected retirement before any back pay amount could accrue, which would further foreclose any claim for attorney fees, Plaintiff has no damages and his claim is therefore moot.

The ADEA grants the court discretion "to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter." *Palasota v. Haggar Clothing Co.*, 499 F.3d 474, 488 (5th Cir. 2007), order clarified (Sept. 27, 2007), quoting 29 U.S.C. § 626(b). The central purpose of the ADEA is to make victims of discrimination whole, which may include judgments compelling employment, reinstatement, or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation. *Id.*, at 488, quoting *Julian v. City of Houston*, 314 F.3d 721, 728 (5th Cir. 2002); *Vaughan v. Anderson Reg'l Med. Ctr.*, 849 F.3d 588, 592 (5th Cir. 2017), quoting *Dean v. Am. Sec. Ins. Co.*, 559 F.2d 1036, 1038 (5th Cir. 1977). ADEA remedies are supposed to be compensatory, not punitive. *Hansard v. Pepsi-Cola Metro. Bottling Co.*, 865 F.2d 1461, 1469–70 (5th Cir. 1989), citing H.R.Rep. No. 950, 95th Cong. 2d Sess. 13, reprinted in 1978 U.S.C.C.A.N 528, 535 ("The ADEA as amended by this act does not provide remedies of a punitive nature.").

Plaintiff argues that, even if it is determined that he cannot recover back pay beyond his September 1, 2019, retirement, this does not foreclose any and all back pay, nor does it exclude the possibility of other damages. Plaintiff argues that there would still remain questions as to the duration and measure of his back pay recovery as well as what other legal and equitable relief would be appropriate.

On this issue, the Court finds that Defendant has failed to meet its summary judgment burden. Impossibility of "any effectual relief whatever" has not been established. The Court notes that Defendant refers to certain portions of Plaintiff's

deposition but did not attach said portions. [See for example Doc. 26-1, p. 9 reference to pages 85-86 of Plaintiff's Deposition, yet these pages are not submitted with Defendant's memorandum]. Defendant refers to other exhibits that are not attached. [See for example Doc. 26-1, p. 5, n.2]. Defendant maintains that Plaintiff's voluntary retirement obviated reinstatement, and cites *Rowell v. BellSouth Corp.,* 433 F.3d 794 (11th Cir. 2005), erroneously as a 5th Circuit case. *Rowell* is an 11thth Circuit case, with a materially different factual setup, and no reference to reinstatement. Defendant has failed to demonstrate that Plaintiff would not be entitled to any "legal and equitable relief" whatsoever – however small – as would make him whole. Questions remain as to items of relief such that summary judgment is precluded on this issue.

### C. Defendant's Second Argument: Plaintiff Cannot Establish That "But For" His Age He Would Not Have Been Terminated

Defendant argues that age was not a consideration when selecting employees for lay off. Defendant produced a company memo [Doc. 26-5], answers to interrogatories [Doc. 26-3], and portions of the deposition of its general manager (Kevin Bihm) [Doc. 27-3] regarding the three criteria used in making the determination: (i) salary; (ii) future utilization; and (iii) safety record.

With regard to salary, Defendant maintains that Plaintiff was one of the highest paid in his department. [Doc. 27-3, p. 3]. Plaintiff's budgeted salary for 2019 was $51,927, which was the second highest in his department behind a 56-year-old employee who was budgeted to be paid $55,579. [Doc. 29-1]. His other department co-workers ranged in age from 22 to 36 and were budgeted to be paid amounts in the

$42,000 to $43,000 range. [Doc. 29-1, pp. 14-15; Doc. 26-3, pp. 3-4]. The ADEA prohibits discrimination on the basis of age, not salary or seniority. *Armendariz v. Pinkerton Tobacco Co.*, 58 F.3d 144, 152 (5th Cir. 1995), citing *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 113 S. Ct. 1701, 1706–08, 123 L. Ed. 2d 338 (1993); *Amburgey v. Corhart Refractories Corp., Inc.*, 936 F.2d 805, 813 (5th Cir. 1991).

Defendant was not the highest paid employee in his department, but he was the oldest. Across all departments, three employees were laid off and twelve were not. [Doc. 29-1, pp. 7-8]. Two employees age 60 were retained. [Doc. 29-1, pp. 14-15]. The evidence submitted indicates that no employee over 60 was retained. [*Id.*].

With regard to future utilization, Defendant's second criteria for separation, Defendant's witness, Kevin Bihm, testified in his deposition that he had no knowledge as to whether Plaintiff ever performed work in any other department. [Doc. 27-3, p. 4].[1] Bihm did not know if Plaintiff had any certifications, licenses, or specialized training. [*Id.*]. Bihm testified that he did not speak with either Plaintiff or Plaintiff's supervisor about what other work Plaintiff was willing to perform or capable of performing, or whether Plaintiff had previously refused training for other duties. [*Id.*, at p. 5].

Moreover, Bihm did not know what Tyler Lejeune, a younger retained co-worker of Plaintiff who held the same position, could do that Plaintiff could not. [Doc. 27-3, p. 6]. When asked what future utilization criterion Lejeune possessed that

[1] Again, in Defendant's Rebuttal Memorandum, Defendant refers to an exhibit page that is not attached. [Doc. 29-1, p. 8, n.8].

caused Defendant to select Lejeune over Plaintiff, Bihm answered "None." [Doc. 27-3, p. 7].

Finally, as to the third criteria of safety record, Bihm testified that if an employee has had more than one worker's compensation claim, that is an indication that the employee is not working safely. [Doc. 27-3, p. 7]. Bihm had no specific recollection of any particular incidents involving Plaintiff but only believed generally that Plaintiff's injury claims were the result of Plaintiff's poor or unsafe work habits. [Doc. 27-3, pp. 7-9].

In light of the foregoing, the Court finds that a reasonable jury could conclude that salary, future utilization, and safety record did not actually motivate the selection of Plaintiff for lay off. Accordingly, summary judgment is not warranted as to Plaintiff's ADEA claims.

## CONCLUSION

For the foregoing reasons, the Court finds that there are no genuine disputes of material fact precluding summary judgment as a matter of law in favor of Defendant for Plaintiff's state law age discrimination claims under the Louisiana Employment Discrimination Law, La. R.S. 23:312 *et seq.*

The Court further finds that there are genuine disputes of material fact that preclude summary judgment as a matter of law on Plaintiff's claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*,

Accordingly,

IT IS HEREBY ORDERED that Defendant's MOTION FOR SUMMARY JUDGMENT [Docs. 22, 26] is GRANTED IN PART as to Plaintiff's state law claims for age discrimination under the Louisiana Employment Discrimination Law, La. R.S. 23:312 *et seq*. and DENIED IN PART as to any remaining claims.

IT IS FURTHER ORDERED that the Plaintiff's claims against Defendant under the Louisiana Employment Discrimination Law, La. R.S. 23:312 *et seq*. are hereby DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 29th day of October, 2026.

David C Joseph

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE